**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MAXUM INDEMNITY COMPANY,

        Plaintiff,

                                        Case No. 3:18-cv-477-J-34PDB

vs.

FUN ZONE ENTERTAINMENT, LLC, et al.,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On April 11, 2018, Plaintiff initiated

the instant action, filing a two-count Complaint for Declaratory Relief and Damages (Doc.

1; Complaint) against Defendants. The Complaint asserts that this Court has jurisdiction

over the instant action pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity

of citizenship and the amount in controversy exceeds $75,000 . . . ." <u>See</u> <u>id.</u> at 1.

Specifically, Plaintiff alleges that Plaintiff is a "Connecticut corporation with its principal

place of business in Georgia," and that the individual Defendants are all citizens of the

state of Florida. <u>See</u> <u>id.</u> at 2. Additionally, Plaintiff asserts that Defendant Fun Zone

Entertainment, LLC (Fun Zone) "is a limited liability company organized under the laws of

Florida." <u>Id.</u> Plaintiff states that "[b]ased on its investigation, all of its members are Florida

citizens." <u>Id.</u>

      Federal courts are courts of limited jurisdiction and therefore have an obligation to

inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d

1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties

have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am.</u>

Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id.

On review of the Complaint, the Court finds that Plaintiff has not alleged sufficient information to determine the citizenship of Fun Zone. "To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships." See Alliant Tax Credit XVI, Ltd. V. Thomasville Comm'y Hous., LLC, 713 F. App'x 821, 824 (11th Cir. 2017) (emphasis added). Plaintiff alleges that all of Fun Zone's members are Florida citizens but discloses neither the identities nor the nature of any of FunZone's members.

Without knowledge of the identity and citizenship of FunZone's various members, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendants. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring plaintiff LLC to identify its members and their respective citizenship); Meyerson v. Showboat Marina Casino Partnership, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace Fun Zone's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund,L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Accordingly, the Court finds Plaintiff's allegations as to the citizenship of Fun Zone to be insufficient to allow the Court to satisfy its obligation to assure complete diversity exists before exercising jurisdiction over this action.[1]

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing

In light of the foregoing, it is

**ORDERED**:

Plaintiff shall have up to and including **April 30, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").