**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MAXUM INDEMNITY COMPANY,

    Plaintiff,

v.

                                  Case No. 3:18-cv-477-J-34PDB

CHARLES SHAW and TERRANCE JONES,

    Defendants.[1]
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 105; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on February 5, 2020. Judge Barksdale recommends that Defendants Terrance Jones and Charles Shaw's Third Amended Motion for Relief (Doc. 95; Motion) be granted in part and denied in part, and that the Court order Plaintiff Maxum Indemnity Company to show cause why this insurance coverage dispute should not be dismissed without prejudice or stayed pending the outcome of the underlying litigation in state court. See Report at 53-54. Jones and Shaw filed their objections to the Report on February 26, 2020, see Jones and Shaw's Objections to the Report and Recommendation of the Magistrate (Doc. 112; Jones and Shaw's Objections), and Maxum filed its objections to the Report on February 27, 2020, see Maxum's Objections to the Magistrate's Report and Recommendation (Doc. 113; Maxum's Objections). Maxum responded to Jones and Shaw's Objections on March 11, 2020. See Maxum's Response to the Defendants' Objections to the Magistrate's

---

[1] The parties are directed to utilize this corrected case style in future filings.

Report and Recommendation (Doc. 118; Response to Objections). Accordingly, this matter is ripe for review.

Because the Court finds that both Jones and Shaw's Objections and Maxum's Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the lengthy factual background or the arguments and authority addressed there. Instead, the Court writes briefly to address the specific objections that warrant discussion and reiterates only the facts necessary to put those objections in context.[2]

**I.     Background**

This insurance coverage dispute arises out of negligence lawsuits filed in state court by Jones and Shaw regarding a July 2017 shooting at an internet cafe in Lake City, Florida. See Shaw v. Fun Zone Palace, LLC, etc., Case No. 17-314-CA (Fla. 3d Cir., Columbia County); Jones v. Fun Zone Palace, LLC, etc., Case No. 17-315-CA (Fla. 3d Cir., Columbia County) (the State Court Actions). Maxum initiated the instant action for declaratory judgment on April 11, 2018, seeking a declaration that it is not obligated to defend or indemnify Fun Zone Entertainment, LLC (the alleged owner of the cafe and the named insured), Bernard McNeal (the alleged operations manager of the cafe), or Ching Ping Coleman and Allen Coleman (the alleged owners of the property used for the cafe). See Complaint for Declaratory Relief and Damages (Doc. 1; Complaint).

---

[2] As the Magistrate Judge states in the Report, the factual background leading up to the Motion "is long and includes various subjects: the happenings in the state actions, procedural irregularities in this action, a mystery about Fun Zone's membership and the attendant issue of diversity jurisdiction in this action, and accusations of misconduct in all of the actions." Report at 3. Because the Report sets out a detailed background explaining all of these events, see Report at 3-18, the Court need not do so again here.

The instant Motion stems from three stipulations entered into by Maxum and the defendants in this case: a stipulation of Maxum and the Colemans; a stipulation of Maxum and McNeal; and a stipulation of Maxum, Jones, and Shaw. See Joint Stipulations of Dropping Defendants Based on Stipulation of No Coverage (Docs. 34, 39, 40). In each stipulation, Maxum requests that a particular defendant or defendants be dismissed from the case based on each defendant's stipulation that Maxum's policy provides no insurance coverage applicable to the State Court Actions or the incident prompting those suits. At the time of the stipulation involving Jones and Shaw, these Defendants were represented by Farah & Farah.

On August 23, 2018, the Court dismissed Maxum's claims against the Colemans based on their stipulation. See Order of Dismissal (Doc. 36). One month later, on September 28, 2018, Farah & Farah moved to withdraw as counsel for Jones and Shaw. See Motion to Withdraw as Counsel for Charles Shaw and Terrance Jones (Doc. 45; Motion to Withdraw). Referencing the Jones and Shaw stipulation, counsel asked the Court to "refrain from entering any orders prejudicial to [Jones or Shaw] until they have been afforded an opportunity to retain new counsel or make their positions known regarding this issue." Id. at 2. At a telephonic status conference held on October 10, 2018, to address the Motion to Withdraw, the Court dismissed Fun Zone based on Maxum's filing of a notice of voluntary dismissal,[3] dismissed McNeal based on the stipulation of Maxum and McNeal, and permitted Farah & Farah to withdraw as counsel

---

[3] Maxum dismissed its claims against Fun Zone on September 24, 2018, after unsuccessful attempts to establish the citizenship of Fun Zone's members for purposes of diversity jurisdiction. See Notice of Voluntary Dismissal (Doc. 44).

- 3 -

for Jones and Shaw.  See Minute Entry (Doc. 48); Order (Doc. 49); Hearing Transcripts (Doc. 80) at 22-23.

On October 17 and 19, 2018, the law firm of Gary, Williams, Parenti, Watson, & Gary, P.L.L.C filed notices of appearance on behalf of Jones and Shaw.  See Notices of Appearance (Docs. 50-55).  Through their new counsel, Jones and Shaw then filed a motion asking the Court to "vacate" the following filings pursuant to Rule 60, Federal Rules of Civil Procedure (Rule(s)): the stipulation of Maxum and the Colemans and the corresponding order dismissing the claims against the Colemans; the stipulation of Maxum and McNeal and the corresponding order dismissing the claims against McNeal; and the stipulation of Maxum, Jones and Shaw.  See Defendants, Charles Shaw and Terrance Jones', [sic] Motion for Relief Under Fed. R. Civ. P. 60(b)(3) and (6) (Doc. 56).  An amended motion, a second amended motion, and the instant third amended motion followed.  See Defendants, Charles Shaw and Terrance Jones', [sic] Amended Motion for Relief Under Fed. R. Civ. P. 60(b)(3) and (6) (Doc. 57); Defendants, Charles Shaw and Terrance Jones', [sic] Second Amended Motion for Relief Under Fed. R. Civ. P. 60(b)(3) and (6) (Doc. 58).  Maxum responded to the Motion on August 28, 2019.  See Maxum's Response in Opposition to Charles Shaw's and Terrance Jones's Third Amended Motion for Relief from "Judgments" or Alternative Motion to Vacate Joint Stipulations (Doc. 101; Response to Motion).

In the Report, Judge Barksdale recommends:

> (1) denying in part Jones and Shaw's third amended motion for relief, Doc. 95, to the extent they seek vacatur of the stipulation of Maxum and the Colemans, the stipulation of Maxum and McNeal, and the resulting orders dismissing the claims against the Colemans and McNeal;

(2)     granting in part Jones and Shaw's third amended motion for relief, Doc. 95, to the extent they ask this Court to decline to enforce the stipulation of Maxum, Jones, and Shaw, Doc. 95;

(3)     ordering Maxum to show cause why this Court should not dismiss this action without prejudice or continue the stay considering that considering that [sic] Maxum is not providing a defense to any party in the state actions, that Fun Zone may be a necessary or indispensable party in this action, prudential ripeness concerns, and any other pertinent factors; and

(4)     maintaining the administrative closure pending resolution of the show cause order.

Report at 53-54.

## II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## III. Jones and Shaw's Objections

In their objections, Jones and Shaw, proceeding pro se,[4] object to Judge Barksdale's recommendation that the Court deny their request to vacate the stipulations

---

[4] With Jones and Shaw's consent, the Court permitted Jones and Shaw's new counsel to withdraw from the case on February 13, 2020. See Order Granting Motions to Withdraw (Doc. 110).

- 5 -

of Maxum and the Colemans and Maxum and McNeal, as well as the resulting orders dismissing the Colemans and McNeal from this action. See generally Jones and Shaw's Objections. Although their specific arguments are difficult to decipher, it appears that Jones and Shaw are contesting the validity of those stipulations "based on fraud," although the exact nature, proponent, and victim of the asserted fraud is unclear. See id. at 1-3. Jones and Shaw also contend "that this matter should have been remanded from the very beginning and should not have been allowed . . . to remain in Federal Court." See id. at 4. They further argue that the Court "should have determined jurisdiction" before making "a substantive ruling as to the stipulations." Id. at 4.

Upon consideration, the Court finds these arguments—to the extent they are comprehensible—to be without merit for the same reasons that the Magistrate Judge recommends denying the Motion with respect to the stipulations of Maxum and the Colemans and Maxum and McNeal. Namely, because "Jones and Shaw provide no pertinent authority or coherent argument to support that they may interfere with agreements of others or force others to take different positions in the litigation." See Report at 37. As in their Motion, in their objections to the Report, Jones and Shaw fail to provide any authority or argument suggesting that they are entitled to vacate stipulations to which they are not parties. See generally Jones and Shaw's Objections. As such, Jones and Shaw's Objections are due to be overruled.[5] Nevertheless, the Court

---

[5] The Court notes that because this case was not removed from state court, it was never subject to remand as Jones and Shaw suggest. Moreover, Jones and Shaw's argument that the Court improperly dismissed McNeal and the Colemans before determining whether it had subject matter jurisdiction over this action is without merit, as Maxum's voluntary dismissal of its claims against Fun Zone resolved the Court's jurisdictional inquiry. Even assuming arguendo that Fun Zone is an indispensable party to this lawsuit, the Court's dismissal of the claims against Fun Zone does not affect its subject matter jurisdiction or the validity of the stipulations between Maxum and the Colemans or Maxum and McNeal.

observes that neither Jones nor Shaw are bound by the stipulations entered into by McNeal and the Colemans. Thus, even though McNeal and the Colemans have stipulated that there is no coverage under the policy, the stipulations do not preclude either Jones or Shaw from seeking indemnification from Maxum if either gets a judgment against Fun Zone in one of the State Court Actions.

**IV.    Maxum's Objections**

Next the Court turns to Maxum's Objections. Maxum objects to the Magistrate Judge's recommendation that the Court decline to enforce the stipulation of Maxum, Jones, and Shaw.[6] See generally Maxum's Objections. In doing so, Maxum devotes the majority of its objections to its concerns about how the Magistrate Judge construed the parties' arguments. In particular, Maxum argues that the Magistrate Judge "mistakenly assumed" that Jones and Shaw were requesting to set aside their stipulation based on lack of authority, when they actually "moved to rescind based on inducement by 'fraud.'" See id. at 6. Similarly, Maxum contends that the Magistrate Judge "mixed the burdens and improperly converted Maxum's Response into a cross-motion to enforce settlement." Id. at 4. In this regard, Maxum points to Judge Barksdale's statement in the Report that "Maxum concedes it has the burden of establishing that previous counsel for Jones and

---

[6] Throughout Maxum's Objections, counsel incorrectly refers to Judge Barksdale as "the Magistrate." Counsel should note that in 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge . . . ."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings in this or any other court, counsel should refer to a magistrate judge respectfully and properly as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

Shaw possessed clear and unequivocal authority." See id. (quoting Report at 41). Maxum asserts that this statement by the Magistrate Judge is "completely erroneous" and suggests that the Magistrate Judge "was respectfully confused." Id.

Upon consideration, the Court finds these arguments to be entirely lacking in merit. In her Report, the Magistrate Judge recognizes that Jones and Shaw "loosely claim fraud and misconduct seemingly to try to establish the narrow grounds for vacatur in Rule 60(b)(3)," but determines that Rule 60 does not govern their requests for relief. See Report at 25, n.20. Concluding that Jones and Shaw's stipulation was "in the ilk of a settlement agreement," the Magistrate Judge instead treats Jones and Shaw's Motion as a request that the Court decline to enforce a settlement agreement. Id. at 38. Although Jones and Shaw did not specifically state that their former counsel "lacked authority" to enter into the settlement agreement, their arguments and affidavits suggested that this was precisely the argument Jones and Shaw were ineptly attempting to make. Indeed, the Magistrate Judge's interpretation of Jones and Shaw's arguments came as no surprise to Maxum, as Maxum interpreted Jones and Shaw's Motion the same way in its response to the Motion. Specifically, Maxum argued that the Court should enforce the stipulation because Jones and Shaw's counsel "had clear and unequivocal authority to settle the case[.]" See Response to Motion at 15. In doing so, Maxum recognized that "[u]nder Florida law, the party contending that a settlement is valid bears the burden of demonstrating that the other party's lawyer had 'clear and unequivocal authority to enter into the settlement agreement.'" Id. at 14-15 (internal quotation marks and citation omitted). By opposing Jones and Shaw's request that the Court decline to enforce the stipulation and arguing that Jones and Shaw's counsel possessed the clients' clear and

unequivocal authorization to enter into the stipulation, Maxum necessarily asked the Court to enforce it. Thus, the Magistrate Judge did not improperly construe the arguments raised in the Motion. Nor was the Magistrate Judge "confused" about the applicable burden of proof as Maxum suggests. As such, Maxum's Objections on this basis are due to be overruled.

Next, Maxum objects to the Magistrate Judge's recommendation that Jones and Shaw have presented "'affirmative evidence—their affidavits—that they never gave their previous counsel authority to stipulate.'" See Maxum's Objections at 6 (quoting Report at 42). Maxum argues that "[t]here are no facts in the affidavit whatsoever discussing authority. Because facts not alleged in the affidavit were the sine qua non of the Magistrate's Report., [sic] the Report must be rejected." Id. at 7. Maxum also appears to contend that Jones and Shaw's pro se arguments in their objections regarding fraud are somehow equivalent to a concession that Jones and Shaw's prior counsel had authority to enter into the stipulation with Maxum. See Response to Objections at 1-4. The Court is not persuaded by these arguments.

In their affidavits, both Jones and Shaw averred that when they hired Farah & Farah, they "made it very clear that we were under no circumstances going to agree to dismiss our [sic] remove any party without a trial." See Affidavit of Terrance Jones (Doc. 95-2; Jones Affidavit) at 1; Affidavit of Charles Shaw (Doc. 95-1; Shaw Affidavit) at 1. Both men also stated that they had not seen the stipulation before it was filed and did not and never would "consent to such terms as are stated in the Joint Stipulation[.]" Id. at 2. Contrary to Maxum's arguments, these statements constitute affirmative evidence that Jones and Shaw's previous counsel did not have the authority to enter into the stipulation.

Somewhat incredibly, Maxum asserts that "the Report fails to provide **any explanation** how [Jones and Shaw's] affidavits establish lack of 'clear and unequivocal authority.'" Maxum's Objections at 6 (emphasis in original). This assertion not only blatantly mischaracterizes the Magistrate Judge's analysis, it borders on bad faith. In the Report, the Magistrate Judge restates the contents of Jones's and Shaw's affidavits verbatim, see Report at 25-27, and determines that the affidavits constitute affirmative evidence that Jones and Shaw "never gave their previous counsel authority to stipulate," id. at 42. She then thoughtfully considers and ultimately rejects each of Maxum's arguments to the contrary. See Report at 42-47. In doing so, the Magistrate Judge concludes that "[w]hat Maxum offers falls short of the 'competent, substantial evidence' necessary to satisfy the 'very high standard' set by Florida courts. See [St. Mary's Sch. Of Med. Ltd. v. Zabaleta, 252 So. 3d 371, 372 (Fla. 3d DCA 2018)] (quoted). And, considering Jones's and Shaw's affidavits, what Maxum offers fails to create a disputed issue of material fact that would warrant an evidentiary hearing (something Maxum has not even requested)." Report at 42. The Court finds no error in this analysis or the conclusion.

Maxum's contention that Jones and Shaw conceded in their Objections that prior counsel possessed authority to enter into the stipulation is equally unpersuasive for a number of reasons. First, it is not even clear what Jones and Shaw are attempting to argue in their Objections. Second, the arguments in Jones and Shaw's Objections were targeted at the stipulations of Maxum and the Colemans and McNeal, not the stipulation of Maxum and Jones and Shaw. Finally, and most importantly, Jones and Shaw never actually "concede that Mr. Huttman had authority to negotiate the stipulation with Maxum," as Maxum suggests. See Response to Objections at 3.

Next, the Court turns to Maxum's contention that the Court should reject the Magistrate Judge's recommendations regarding Maxum's request for discovery. See Maxum's Objections at 5. Preliminarily the Court notes that characterizing Maxum's statement regarding its need for discovery as a "request" is charitable. In a footnote in its response to the Motion, Maxum stated, "To the extent this Court finds that the stipulation between Maxum and [Jones and Shaw] is not enforceable, Maxum will respectfully need additional time to conduct discovery on the matter, including but not limited to the following: (1) deposition of Michelle Shaw; (2) deposition of Charles Shaw; (3) deposition of Terrance Jones; (4) deposition of Larry Huttman [counsel with Farah & Farah]; (5) deposition of Robert George [counsel with the Liles Firm]; and, (6) all manner of document discovery." Response to Motion at 18 n.8. Maxum does not seek leave to conduct that discovery or request entry of an order permitting the discovery. Instead, it simply asserts a unilateral "need" for discovery. Notably, even now Maxum fails to cite any authority suggesting why it would have a need, much less a right, to seek discovery after the Court determined the enforceability of the stipulations.

Regardless, to the extent Maxum's statement constituted a request, in the Report, the Magistrate Judge recommends that the request for discovery "should not be construed as a motion because Maxum presents the request in a response and violates Local Rule 3.01(g)." See Report at 44-45. In making this recommendation, the Magistrate Judge points out that the Court previously denied "Maxum's sanction request as improperly presented in a response to a motion and for violating Local Rule 3.01(g)." Id. at 45. The Magistrate Judge also concludes that "the request comes too late. Maxum could have requested discovery or more time to obtain discovery before responding to the third

amended motion for relief." Id. Upon review, the Court finds the Magistrate Judge's assessment of the request for discovery to be entirely correct.

Maxum argues that "[t]he Court cannot possibly sanction Maxum by foreclosing an opportunity to file an affirmative motion (if that is necessary)." Maxum's Objections at 5. This argument simply ignores the requirements of the Federal Rules of Civil Procedure. Pursuant to Rule 7, and Eleventh Circuit precedent, a request for affirmative relief must be presented to the Court in a motion. See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). Thus, a request for leave to conduct limited discovery, like a request to amend a complaint, is not properly made when simply included in a response to a motion. See Hinkle v. Cirrus Design Corp., 775 F. App'x 545, 550 (11th Cir. 2019) (upholding denial of "requests" for discovery buried in a response instead of being presented in a motion) (citing United Techs. Corp. v. Mazer, 556 F.3d 1260, 1280-81 (11th Cir. 2009)); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Even if it were proper to include such a request in its response to the Motion, the Court would otherwise deny the request for Maxum's failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). See Local Rule 3.01(a) (requiring a memorandum of legal authority in support of a request from the Court); Local Rule 3.01(g) (requiring certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested). Significantly, Maxum was well aware of these

requirements given the fact that the Court previously admonished Maxum for improperly seeking affirmative relief in a response to a motion. See Order (Doc. 79). Moreover, the Court is hard-pressed to imagine a set of circumstances under which it would be appropriate for a party to suggest that it could wait until after a court issued a ruling on a motion before seeking leave to conduct discovery on an issue relevant to the resolution of that motion. Such a practice would result in unwarranted second bites at the apple and a waste of resources of both the parties and the Court. See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 930 (11th Cir. 2016) (affirming the refusal to give a plaintiff "a second bite at [the] apple" where the plaintiff "inexplicably failed to follow the well-troden procedural path toward amendment" and rejecting the claim that doing so denied the plaintiff "'the opportunity to have its day in court'").

Maxum also contends that any request for discovery would have violated the Court's stay order, which Maxum "respectfully presumes" the Magistrate Judge overlooks in the Report. See Maxum's Objections at 5. On January 25, 2019, the Court vacated the case management and scheduling order, stayed the case pending a decision on the then operative second amended motion for relief, and directed the clerk to administratively close the case. See Order (Doc. 67). The Court later denied a request by Jones and Shaw to lift the stay, explaining that the stay remained warranted until a decision on the second amended motion for relief. See Order (Doc. 79). Nothing in these orders prohibited the parties from taking appropriate steps to properly litigate the issues raised in Jones and Shaw's Motion. Indeed, the case was stayed specifically for that reason. Significantly, during the stay, Jones and Shaw filed a motion seeking leave to file the instant amended Motion, see Defendants, Charles Shaw and Terrance Jones', Motion for

Leave to File their Third Amended Motion for Relief from the Judgments or in the Alternative Motion to Vacate the Joint Stipulations (Doc. 88), which the Court granted, see Order (Doc. 92). In the same way, if Maxum had thought discovery was necessary to resolve the Motion, Maxum could have filed a motion for relief from the stay in order to conduct discovery.[7] Maxum did not do so, and will not be heard to claim now that it needed such discovery. For these reasons, Maxum's objections to the Report on the basis of its request for discovery are due to be overruled.

## V. Conclusion

Having conducted an independent review of the complete record in this action, and in particular of the Report, Maxum's Objections, Jones and Shaw's Objections, the Response to Objections, the parties' underlying filings, and the relevant authorities, the Court finds no error in the Magistrate Judge's analysis. Thus, for the reasons stated in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Objections to the Report and Recommendation of the Magistrate (Doc. 112) are **OVERRULED**.

2. Maxum's Objections to the Magistrate's Report and Recommendation (Doc. 113) are **OVERRULED**.

---

[7] Contrary to what Maxum "respectfully presumes," the Magistrate Judge's evaluation of the request for discovery was not a result of a "complete oversight." See Maxum's Objections at 5. Rather, it is apparent that the Magistrate Judge was well aware of the fact that the stay presented no impediment to Maxum making a timely and proper request to conduct any discovery it believed necessary for resolution of the Motion. See Report at 16-17 (setting forth a detailed procedural history of this case and specifically discussing the stay).

3. The Report and Recommendation (Doc. 105) of Magistrate Judge Barksdale is **ADOPTED** as the opinion of the Court.

4. Defendants Terrance Jones and Charles Shaw's Third Amended Motion for Relief (Doc. 95) is **GRANTED in part and DENIED in part**.

    a. The Motion is **GRANTED** to the extent that Jones and Shaw ask this Court to decline to enforce the stipulation of Maxum, Jones, and Shaw.

    b. The Motion is **DENIED** to the extent that Jones and Shaw seek vacatur of the stipulation of Maxum and the Colemans, the stipulation of Maxum and McNeal, and the resulting orders dismissing the claims against the Colemans and McNeal.

5. **On or before April 22, 2020**, Maxum shall show cause why this Court should not dismiss this action without prejudice or continue the stay considering that Maxum is not providing a defense to any party in the state actions, that Fun Zone may be a necessary or indispensable party in this action, prudential ripeness concerns, and any other pertinent factors.

6. This case remains administratively closed until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida on March 25, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc23

Copies to:
Counsel of Record
Pro Se Defendants

The Honorable Patricia D. Barksdale
United States Magistrate Judge